## Vason v. Clarke.

Where a garnishee is interrogated by a plaintiff as to the time when a note, which had been in the garnishee's possession, was delivered to a third person, and the fact is important to the plaintiff, inasmuch as the note, if in possession of the garnishee at the time of service of the interrogatories upon him, would be subject to plaintiff's seizure, a failure of the garnishee to state in his answers the date of the delivery will be considered as a confession that he had the note in his possession when the process was served upon him.

APPEAL from the Fifth District Court of New Orleans, *Buchanan* J. *Vason*, plaintiff, *pro se*. *J. G. Howard*, for the appellant. The judgment of the court was pronounced by

KING, J. The plaintiffs having issued an execution upon a judgment previously obtained against *Clarke*, made *Reigart* a garnishee, and propounded interrogatories to him. The judge considered the neglect of the garnishee to answer a part of the second interrogatory as a confession that he had in his hands funds of the debtor at the date of the service, and condemned him to pay the amount of the judgment. *Reigart* has appealed.

The second interrogatory propounded to the garnishee, after enquiring whether he had in his possession property, rights, or credits of the defendant, and their amount, concluded as follows: " What have you done with the same? If you have transferred or delivered the same to any person, say *when*, and to whom was the same delivered, and why was transfer or delivery made?"

The answer to this, as well as to a preceeding interrogatory, is as follows: " I did have recently in my possession a note drawn by *P. F. Kendall*, dated April 3, 1847, for three thousand dollars, payable to the order of *Dr. Maddox*, and by him endorsed in blank, and also endorsed by *Thos. Clarke* in blank, which note was put in my hands by *Thos. Clarke* for collection, he representing to me at the time that it was the property of his wife, and that he was acting as her agent. I received said note about the middle of February last. *Maddox* resides on Red River, and was at that time expected in New Orleans. *Maddox* did come to town. I saw him, but was unable to effect any arrangements with him. I returned said note *subsequently* to *Mrs. Clarke*, wife of *Thos. Clarke*, and received from her the acknowledgment which I had given to her individually."

It will be perceived that it is not stated *when* the note was returned, and this it was important to ascertain, as the note became subject to the plaintiff's seizure, if it was in the possession of the garnishee at the date of the service of the interrogatories upon the latter. Acts of 1839, p. 166, sec. 13. The plaintiff thereupon took a rule on the garnishee, to show cause why a judgment should not be rendered against him, in consequence of his neglect to answer the enquiry, " *when* he delivered the note, of which he once had possession, to the defendant *Clarke*."

Although an opportunity was thus afforded of amending his answers, the garnishee declined to avail himself of it. and filed no answer to the rule. His refusal to answer the interrogatory creates the presumption that the answer, if given, would have been favorable to the plaintiff; and the district judge did not, in our opinion, err in considering it as a confession that the garnishee had the note in

VASON
v.
CLARKE.

his possession at the date of the service of the process upon him.   C. P. arts.
262, 263.

There is no proof in the record that the note belonged to *Mrs. Clarke.*   She
is not shown to be separated in property from her husband; and the note being
in the possession of *Clarke,* must be presumed to be his.

*Judgment affirmed.*