## BRANDER, WILLIAMS & CO. *v.* ISAAC LUM.

Suit upon a factor's account.

Where the defendant had never acquiesced in the account as rendered, and there was no contract for interest, the plaintiffs can only recover legal interest.

The charge of forty-five cents per bale, made against defendant, for drayage, labor, storage, weighing, etc., of defendant's cotton, cannot be recovered, unless actually paid by plaintiff.

In reply to interrogatories, plaintiffs said that "they are in the habit of taking out open policies from the insurance offices against fire and river navigation, to cover shipments of all cotton that may be made to them, etc," and that "they pay the premiums of insurance, which they charge in the account of sales to the planter." This answer was made in reply to an interrogatory asking if the insurance was made in a mutual insurance company, "and what dividend or scrip plaintiffs had received." Answer held to be unsatisfactory. *By the Court:* As the defendant is charged with the premiums, it is but fair that he should be credited with, at least, the value of such amount of scrip as, under a fair apportionment, he would have been entitled to receive.

APPEAL from the District Court; Ninth District, Parish of Concordia, *Cooley,* J. *Farrar & York,* for plaintiffs and appellants. *Stacy & Sparrow,* for defendant.

LEA, J. This is a suit for a balance due by a planter upon a factor's account for advances, commissions, supplies furnished, etc.

The defendant, in addition to the general denial, pleads the illegality of certain items in the account, alleging that the same is made up of usurious charges of interest, commissions, and compound interest, and of incorrect charges for drayage, storage, labor, weighing and fire and river insurance.

As respects the interest account, the plaintiffs are placed in this dilemma. If the defendant has promised to pay the interest at 8 per cent., together with the commission of 2½ per cent. for advancing, as set forth in the account, the contract is clearly usurious, and the plaintiffs can recover nothing but the prin-

28

cipal sum advanced. If, however, there was no agreement with reference to the payment of interest, and the plaintiffs have merely claimed more than the law allows, the Act of 1844, imposing a forfeiture of the stipulated interest in usurious contracts, would not be applicable ; but the plaintiffs, in such case, can recover only the legal interest to which they would be entitled upon advances made by them as factors. See *Lalande* v. *Breaux*, 5th An., 507 ; also *Barret* v. *Chaler*, 2d An., 876.

Upon a careful consideration of the evidence, we think the defendant did not, at any time, acquiesce unconditionally in the account as it is sued upon, and that, as there was no contract for usurious interest, the plaintiffs are entitled to recover legal interest upon their advances from the respective dates at which they were made.

With reference to the charges for drayage, storage, labor, weighing and insurance, the plaintiffs were interrogated under oath, whether they had paid those charges as detailed in the account, and if so, to whom. The answers to these interrogatories are unsatisfactory, at least so far as they relate to drayage, labor, storage, weighing, etc., for which a charge of 45 cents per bale is made in each of the accounts of sales rendered. The plaintiffs do not say unequivocally that they paid this amount. If they did not pay it, they have no right to claim it from the defendant; if they did, they should have said so in terms not open to misconstruction. Their answer to the interrogatory on this point is as follows: " We make a contract every year, for the entire year, with the cotton press, for the storage of all the cotton that may be forwarded to us, and we pay the cotton press therefor. The contract that we make with the cotton press, embraces drayage, labor and storage, and when we make up our account of sales against the planter, whose cotton has been shipped to us and stored at the cotton press, we charge him with the items of drayage, labor and storage. We paid the cotton press, according to the contract, the charges. This is the mode of transacting business in New Orleans, and in conformity with the mercantile custom and usages in such cases in this city."

Now, there is nothing in this answer from which any one would necessarily infer that the plaintiffs were subjected to an outlay of 45 cents per bale, for expenses incurred in the drayage, storage, weighing, etc., of the defendant's cotton, nor is the court informed by what process of calculation the plaintiffs considered themselves entitled to charge the defendant with the precise sum of 45 cents per bale, for drayage, storage, labor, etc. There is nothing reprehensible in such a contract as that detailed in the plaintiffs' answer, but, no matter how comprehensive the contract may be, there must be some means of arriving at the precise amount chargeable upon each bale of cotton which is the subject of the contract. The plaintiffs admit this conclusion by making a precise charge of 45 cents per bale. The defendant had a right to know how it was paid, and to whom. He was entitled to the benefit of any contract which his mandatary may have made on his behalf, and he was at least entitled to such an explanation of the terms of this contract as might satisfy him that the factor realized no profit by the arrangement, at his expense. We think the District Judge was right, under the circumstances, in rejecting the answer as not legally responsive to the question propounded. As respects the items charged for fire and river insurance, the answers of the plaintiffs are not such as to enable the court to ascertain or determine precisely the rights of the defendant. To the question whether they (the plaintiffs) had effected insurance

on the defendant's cotton, and if so, in what office, and if in a mutual insurance, what dividend in scrip or money they had received.

They answer (substantially) that "they are in the habit of taking out open policies from the insurance offices, against fire and river dangers, to cover the shipments of all cotton that may be made to them, except as to such as they are directed not to insure, and they pay the premium of insurance which they charge in the account of sales to the planter. This was done by them in this instance, and the insurance office was paid by them, and they charged and claimed the same from said *Lum.*"

The defendant is not informed in what office his cotton was insured, nor what amount of dividend (if any) in scrip or money would have been due to him under a fair apportionment of the gross sum received by the plaintiffs. Whether the defendant would or would not have been entitled to any reimbursement under an equitable apportionment of the scrip or the proceeds realized therefrom, it is clear that a statement might have been made which would have enabled the defendant to ascertain, at least approximatively, what his rights were, and it is equally clear that no such statement has been made. The only difficulty in attaining such a result, must be one of calculation. As the defendant is charged with the premiums, it is but fair that he should be credited with, at least, the value of such amount of scrip as under a fair apportionment he would have been entitled to receive.

The answers of the plaintiffs on this point being unsatisfactory, the entire claim for insurance must be disallowed until it can be determined upon a proper examination of all the testimony necessary to its final adjustment.

Deducting from the charges against the defendant, those for drayage, labor, storage, weighing and insurance, the same not having been satisfactorily established by legal evidence, and reducing the charge for interest from eight to five per cent., and rejecting also the charge of $82 09 for advancing, we find that the plaintiffs would be entitled to an amendment of the judgment in their favor, by increasing the same from $1884 89 to $2650 50.

It is ordered, that the judgment appealed from be amended so as to read as follows :

It is ordered, that the plaintiffs, *Brander, Williams & Co.*, do have and recover of the defendant, *Isaac Lum*, the sum of $2650 50, with interest thereon at the rate of five per centum per annum, from the 17th day of December, 1852, till paid, with costs in both courts, and that upon the charges in the plaintiffs' account for drayage, storage, labor, weighing and insurance, there be judgment as in case of non suit.