## C. CARPENTER, Curator, v. FEATHERSTON & AMIS—S. F. BUTTERWORTH, Warrantor.

Where an instrument was attested by two witnesses, and afterwards acknowledged by the parties before the Parish Judge, when no witnesses were present—*Held:* That it was not an authentic act; and the copy was inadmissible in evidence, until an effort had been made in vain to obtain the original.

When the subscribing witness to an act under private signature, resides out of the State, proof of the genuineness of the signature of the party to the act, and of the absent subscribing witness, should be received preparatory to the introduction of the act in evidence.

An uncertainty in the description of the property sold forms no objection to the admissibility of the act of sale in evidence.

An objection to an act under private signature, offered in evidence, that it has no date except that of the day when it is offered, goes only to the effect of the evidence.

APPEAL from the District Court of the Parish of Madison, *Farrar*, J.
*Hynes & Bemiss*, for plaintiff and appellant. C. *Roselius* and *Sparrow & Montgomery*, for defendants. C. C. *Briscoe*, for warrantor.

MERRICK, C. J. This suit was instituted by the plaintiff, as representative of *Harriet King*, the deceased wife of *Thompson L. King*, for a partition of certain property, land and negroes, in which it is claimed the *Succession of Harriet King* was interested.

The defendants deny the right of the plaintiffs. The case was before this court on an appeal by the defendants in 1849, and remanded for a new trial. Since that period, one of the minor children of the deceased, has attained the age of majority, and the other has departed this life, also leaving a minor child, to whom a tutor has been appointed. The major heir and the tutor have, by amendment, made themselves parties, and the case has been put at issue by the present defendants and the warrantor.

The second trial resulted in a verdict in favor of the plaintiff for an undivided half of certain slaves and their hire, and an undivided fourth of certain other slaves and their hire, and against the defendants, and judgment in their favor over against their warrantor. Judgment was also rendered in favor of the defendants on the other issues. All parties appealed.

The plaintiff calls our attention to certain bills of exception, by which his testimony was excluded, and the defendants and warrantor claim final judgments in their favor.

The first bill of exception taken by plaintiff's counsel, was to the refusal to receive in evidence a copy of an act of copartnership entered into between *John E. Hunter* and *F. L. King*, in 1836. The instrument purports to be attested by two witnesses. Subsequently, the *parties* went before the Parish Judge, and acknowledged that they signed the act the day of its date. The *copy* was properly rejected. When the two witnesses signed the act as such, the Parish Judge was not present. When the parties acknowledged the act before the Parish Judge, no witnesses were present. Hence the instrument is not authentic, and cannot be proven by a copy and secondary evidence, until an effort has been made to obtain the original in vain. *Lawrence* v. *Berris*, 13 An. 611 ; Civil Code, 2231.

The second bill of exception was taken by the plaintiff to the refusal of the District Judge to permit proof of the signature of one *J. Woodhouse*, to an act of sale under private signature, of his interest in the plantation of *Hunter & Woodhouse* to *Thompson L. King*. This act was dated Rodney, January 30, 1836, and was attested by three witnesses. The proof shows, that two of the subscribing witnesses were dead, and that the other lives somewhere in Ohio. The witnesses should have been heard to prove the signature of *Woodhouse*. It is said in *Sexton* v. *McGill*, that it is the uniform practice of our courts to receive proof of the signature of a party to a written instrument, where the subscribing witness resides out of the State. 2 An. 195.

At common law, where a *deed* was perfected by affixing the seal of a party without his signature, it was a matter of much importance, that the subscribing witness should be produced and, in his absence, that his (the witness') signature should be proved before the instrument could be offered in evidence. Hence, under that system, an instrument, whether under seal or not, is proven, in the absence or death of the subscribing witness, by proving the signature of the *witness*. 1 Greenleaf, sec. 575.

Our courts, on the contrary, have adopted the more sensible rule of admitting proof, in such case, of the signature of the party to the act, and the reason of the common law rule never having had any force in Louisiana, the doctrine of the common law ought not to be carried to such extremes as to embarrass the administration of justice. It seems inquiry was made for the witness, a summons was issued and returned, not found after diligent inquiry ; the instrument was dated at Rodney, in another State, and it seems it was not until the trial, that plaintiffs were informed that the witness lives in Ohio.

We think that the plaintiff ought to have been permitted to prove the signatures of *Woodhouse* and *Overacher*, the witness, preparatory to the introduction of the act under private signature. It is objected, that the description of the property sold is so uncertain, that the instrument would be of no value if offered in evidence. To this it may be replied that that, is sufficiently certain in the eye of the law which can be rendered certain. See *Lea, Executrix*, v. *Terry*, 15 An. 159.

Again : it is objected that the instrument would have no date except the day it was offered in evidence. This objection only goes to the effect of the evidence when received, and it may be that the plaintiffs may be able to establish its date at a period contemporaneous with *F. L. King's* possession during the marriage. Until they were permitted to introduce the instrument in evidence, it would seem useless to prove the date of the death of the witnesses or other circumstances, showing the period of the execution of the instrument.

The third bill of exception is to the refusal to admit the notarial act passed on

the second day of December, 1836, before *W. L. Poindexter*, on the ground that the authority from *King* to *Hunter* to sign the act, had not been previously proved. As plaintiff's counsel concede, that if the ruling of the lower court on the first bill is sustained, that this bill of exception must share the same fate, we shall dismiss it without examination.

<div style="float:right">Carpenter<br>*v.*<br>Featherston.</div>

The plaintiff admits that there is an error in the date at which the jury commenced allowing hire for the interest in the negroes, which plaintiffs have recovered by their verdict.

We think, therefore, that justice requires that the judgment of the District Court should be reversed as to the whole case, and the same be remanded to the lower court for a new trial.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this case be remanded for a new trial, with instructions to the lower court to permit the plaintiffs to prove the signatures of *John Woodhouse* and *George Overacher*, to the act under private signature, of date January 30, 1836, preparatory to the offering of said act in evidence. And it is further ordered, that each party, viz, the plaintiffs, the defendants, and the warrantor, pay one-third of the costs of the appeal. ·

Land, J., absent.