## No. 93.

### Arthur Denis, Agent *v.* William Hogan.

Answers of garnishee to interrogatories must be as specific as the interrogatories, and where general, evasive answers are made to specific, unambiguous interrogatories, the interrogatories so answered will be taken for confessed and the garnishee condemned and judgment rendered accordingly.

On application for rehearing: This court will not reverse a judgment unless the evidence upon which the case was tried below is brought up under some one of the modes prescribed by law.

*Appealed from Third District Court, Parish of Orleans.*

*Denis & Saunders,* attorneys.

*R. T. Posey, I. H. Ferguson,* attorneys.

His Honor Judge Frank McGloin delivered the opinion and decree of the court in the words and figures following, to wit;

Plaintiff, a judgment creditor of defendant, issued garnishment process against one W. B. Ringrose. In addition to the three formal questions usually propounded, which were answered, "No," he presented the following interrogatories, and received the accompanying answers:—"Is, or is not, said William Hogan your agent for carrying on the business of selling shoes, etc., at the store, No. 99 Canal Street, in the City? Answer, "He is." 5. If said Hogan is such agent for you to carry on said business, at what rate of compensation, or remuneration do you pay for his services? And in what manner do you remunerate his services as agent? Is it by fixed wages or salary payable at stated intervals, or is it in some other manner? Answer, "We have never had any definite arrangement about his compensation as agent, and therefore I cannot say at what rate or manner of remuneration." 6. If said Hogan is your agent as above, and if you do not remunerate his services, by fixed wages payable at stated intervals, then in what manner do you remunerate his services, and how and when do you ascertain the amount due as remuneration for such services? You being asked and required to make

Denis vs. Hogan.

a full and detailed disclosure, as to remuneration of said Hogan, for his services as your agent. Answer, "I answer the same as to interrogatory 5." 7. Has said Hogan any interest whatever in the stock of goods in the store at No. 99 Canal street, or in any other business, of which you claim ownership? If he has state the extent of such interest and how and when acquired from you, or with you? Answer, "I have answered that Mr. Hogan is my agent as to goods in store 99 Canal Street, and he has no interest whatever in any other goods of which I claim the ownership." 8. Are you now indebted to said Hogan in remuneration for his services as your agent? And if you are is said sum now fixed and certain, or is it only ascertainable by rendition of accounts? Answer, "I am not indebted, nor was I indebted to Mr. Hogan at the service of these interrogatories upon me, in any manner."

Plaintiff, upon the filing of these interrogatories, took a rule upon garnishee, to have judgment against him for the amount of the writ, on the ground, "that the answers are not categorical, full and clear, but are evasive, obscure and untruthful."

The garnishee made no effort to amend, but went to trial upon his answers, and the judge *a quo,* considered them evasive and not such as the law required, and accordingly ordered them taken for confessed and condemned him to satisfy the plaintiff's writ.

We consider that the judge *a quo* was correct in his conclusion, and the garnishee was properly condemned. Under articles 246, 247, 250, 262, Code of Practice, plaintiff is not restricted to general and sweeping questions, but is entitled to probe the conscience of a garnishee, as fully as he might do that of a defendant, propounding any pertinent interrogatory, in the nature of cross examination, calculated to elicit the truth and reveal to the court all facts calculated to enable it to determine, whether there be, or not a debt due defendant.

Where a plaintiff satisfies himself, as is usually done, with general and sweeping interrogatories they may be properly met with answers of a similar character. Where, however, by reason of a lack of confidence in the integrity of a garnishee,

or for other reasons, a creditor propounds questions more special in their nature, calling for details of any kind, if they be pertinent, they must be answered according to their letter and spirit, fully, explicitly, and fairly, and when this is not done, the penalty provided for in article 263 Code of Practice is incurred.

In Vason vs. Clarke 4 La. Ann. 581, a garnishee being questioned as to a particular note, was asked when he had returned it to defendant. In his answer, he gave the date of receipt, adding that he had returned it subsequently. This was held evasive, and it was stated that the particular date of the return should have been given, and the garnishee was condemned. In Burke vs. Taylor 15 La. Ann. 236, where garnishee acknowledged an indebtedness of $132.69, adding that defendant had a letter of credit upon the house of M. & E. Ford & Co., for $2,000 and that, the remainder of the money of Taylor, over the sum confessed had been appropriated to meet that letter of credit. This answer was held insufficient and unsatisfactory as it did not show the state of account at the date of its filing, or of the service of process, and whether the letter of credit was used by defendant, and where, or was paid in whole or part by garnishee, or by whom and at what time the appropriation was made.

The Code of Practice, article 250, allows a garnishee to be made a party to the suit: Article 247, authorizes the propounding to him of interrogatories upon facts and articles, evidently having in view, such interrogatories, as may be propounded, under Code of Practice, 347, etc., by plaintiff or defendant, one to the other. Therefore, the precedent arising under the provisions governing the latter proceedings are applicable to the case of a garnishee. In Owens vs. Brown 13 La. Ann. 201, Plaintiff was interrogated as to the character of a compromise he had effected with others bound with the present defendant, relative to the same matter. The question was:—"Did you receive for the slave Tom, for which you obtained a verdict in this case, $600.00, in a compromise in full with the owner of the steamers Niagra and Empress, or the owners of either

of said steamers?" The answer was:—"I received $600.00 in full discharge against the Steamboat Empress for carrying off my negro man Tom as I believed they had carried him off; retaining to myself any claim I might have, in case I should recover said negro, at the same time retaining to myself my right or claim against Brown, the defendant in this suit. I did not sell the negro to the owner of the boat." The Court held this unsatisfactory and insufficient, as it gave rise to other questions, relative to the nature of this transaction which should have been disclosed. In Knox vs. Thompson, 12 Ann. 114, defendant was sued upon a contract, which he claimed had never been completed, and interrogatories were propounded. The court says: "The defendant, on being asked whether he did not sell to plaintiff the individual half of the property described in the petition." If the answer had gone no further, whether the said Knox did not agree to comply with said terms answered, "That he did not sell and deliver the property described in the petition. If the answer had gone no further, it probably would be considered evasive, but to avoid misapprehension, the defendant made a full statement of all facts connected with the transaction. When the party who has been interrogated, gives all the facts of the case which are necessary to the determination of the question propounded, he has complied with all the policy of the law. In Brander vs. Lum, 11 La. Ann. 217, in criticizing certain answers, by a garnishee made, relative to insurances of cotton, the court held a general answer insufficient, because the interrogator was not informed in what office this cotton was insured, and what dividends, if any had been received in connection therewith, and what would be coming to him on that account. See also, Robbins vs. Leverich, 6 La. 345; Whiting vs. Day, 3 La. Ann. 650. The sixth interrogatory in this case, was searching and specific. It called for a detailed and minute statement of the payments made to Hogan, as to time, manner and conditions. The garnishee does not say that he had made no payments to his agent, during the continuation of the agency, nor that the services of the latter were to be gratuitous. On the con-

trary, the answers, specially if taken in connection with the interrogatories, clearly intimate that there was an understanding for wages, which however had not yet become definite. His last answer, states that nothing was owing, and therefore, his theory must have been that Hogan had received or taken, what in the opinion of garnishee, was sufficient to compensate him for past services. If Hogan was working upon a *quantum meruit*, these payments might not be by him considered sufficient, and in fact they might not be so held by a court of justice, and the legitimate balance, if any, was liable. The object of the latter in propounding these searching interrogatories, was to expose to the court all the facts, in order to secure its opinion and action thereon. The garnishee should have furnished the facts, and left the forming of conclusions to the court. Drake on Attachments, section 636; Owen vs. Brown, 13 La. Ann. 201; Knox vs. Thompson, 12 La. Ann. 115. Counsel for the garnishee, has cited 28 Ann. 693; 27 Ann. 381; 27 Ann. 93; 13 La. 570; 16 Ann. 137; 16 Ann. 348; 19 Ann. 374; 31 Ann. 548; none of which as we read them hold that the sweeping denials made to one, where more general interrogatories, can supplement, or cure, evasive or shuffling answers to others, which are more specific and searching in their character.

Judgment affirmed. Rehearing refused.

His Honor Judge Walter H. Rogers delivered the opinion and decree of the court in the words and figures following, to wit;

The objection that no evidence was offered in the court *a quo* or in this court, to warrant the judgment rendered against the garnishee cannot be considered. The record shows that the district judge rendered his judgment "after hearing evidence and counsel." No statement of facts appear in the record; it does not appear that any was desired by appellant, and this court will not reverse a judgment unless the evidence upon which the case was tried below is brought up under some one of the modes prescribed by law.

There is no assignment of error upon the face of the papers —no question of law preserved by bill of exception—a mere reference to facts not before us, or to which it does not appear the attention of the District judge was called, on an application for a rehearing will not suffice.

Rehearing refused April 11, 1881.