## LASSEIGNE v. KENT et al.

### No. 14157.

### Court of Appeal of Louisiana. Orleans.

June 27, 1932.

Wm. H. Talbot, of New Orleans, for appel·lants.

Gill & Simon and Warren M. Simon, all of New Orleans, for appellee.

JANVIER, J.

The accident which forms the basis of this suit occurred on a rainy day near the town of Lutcher on the west bank of the Mississippi river.

The automobile belonging to Septime Lasseigne was proceeding on the highway which parallels the river on its west bank. It was overtaken by another car owned by Augustus Kent and driven by his minor son.

As the rear of the Kent car came abreast of the Lasseigne car, something caused the former to swerve sufficiently to bring it into contact with the left front fender of the latter, with the result that Lasseigne lost control of his car and it ran into a ditch alongside the right side of the road and there turned over.

Lasseigne's young daughter, Myrtle, was a passenger in his car, and, as a result of the said accident, she received injuries consisting principally of a cut on her forehead and contusions and bruises on her body. For and on behalf of his said minor daughter, Lasseigne brings this action claiming $5,000 for the alleged permanent disfigurement, $2,000 for the contusions and brush burns, and $2,000 for the pain and mental anguish.

It is alleged that the cause of the accident was the negligence of young Kent in operating the Kent car at too high a rate of speed; in attempting to pass the other car without giving sufficient warning; and in not exercising proper care in guiding his car around that driven by plaintiff.

The Hartford Accident & Indemnity Company is also made defendant under Act. No. 55 of 1930, since that company had issued to Kent a policy of insurance indemnifying him against claims for property damage or personal injuries.

Defendants deny liability for the said accident, maintaining that the cause thereof was the sudden swerving of the Kent car as the result of the unexpected deflation of the right rear tire due to puncture; that that tire, as well as all the others, was in good condition prior to the puncture; that the said unexpected emergency could not be foreseen, and that every effort of young Kent to avert the crash after discovery of the emergency proved unavailing.

Plaintiff counters with a charge that the tire was not punctured, and he asserts that the swerving of the Kent car was caused by its excessive speed, and by the wet, slippery condition of the surface of the road. As an additional defense to the action, defendants also assert that, if any liability ever existed, the claim has been compromised and settled. The district court rendered judgment for plaintiff in the sum of $1,000.

■ The facts with reference to the compromise are rather unusual, but we agree with our brother below in his opinion that, since that contract of compromise was not reduced to writing, it cannot be availed of as a defense.

The record shows without contradiction that the Hartford Accident & Indemnity Company, in an effort to relieve the distress of Lasseigne, who was without funds and away from home, made an agreement with him to pay the medical expenses and the cost of repairing his automobile and to furnish him sufficient cash to transport his family to his home in St. Martinville, La., and that all such payments were actually made by that company. A representative of the said insurance company testified that it was agreed that, upon the making of those payments, Lasseigne would execute an agreement re-

leasing that company and Kent from all further liability, but that, after the payments were made, Lasseigne refused to sign the agreement.

Lasseigne denies this, and contends that the payments were voluntarily made by the insurance company without any agreement as to ultimate release from liability. It is certainly most unusual for a liability insurance company to voluntarily make such payments without an understanding as to a compromise of liability, but, since there is no written evidence of such compromise, we are unable to sustain the defense based on this ground. In article 3071 of our Civil Code, with reference to a contract of transaction or compromise, we find that "this contract must be reduced into writing."

The other defense, i. e., that the swerving of the automobile was caused by a suddenly acquired puncture, depends entirely upon the determination of a question of fact. The testimony of the three boys who were in the Kent car is very positive, and, if true, sustains the defense, because it is well settled that, where an accident results from such cause, there is no liability, unless it be shown that there was carelessness in the matter of inspection of tires or equipment, or unless there was negligence in the operation of the car. This principle has many times been recognized. Seligman et al. v. Orth et al. (Wis.) 236 N. W. 115; Kelly v. Gagnon, 121 Neb. 113, 236 N. W. 160, 161; Christos v. Manos, 16 La. App. 512, 134 So. 713. In Kelly v. Gagnon, supra, the court held: "The puncture of an automobile tire by a large spike, causing the car to upset and fatally injuring a guest therein, will, under the evidence set out in the case, be considered an accident, which is a casualty which could not be prevented by ordinary care and diligence." (Syllabus by Court.)

The witnesses for plaintiff contradict the three boys in defendant's car, and deny that there was a puncture.

There are circumstances which are corroborative of the testimony given by each set of witnesses, and, had the record been presented to us without guiding light furnished by the opinion of our brother below, who saw and heard the witnesses, we would find it difficult indeed to arrive at the conclusion that the testimony for either side substantially preponderates. But in such case the rule is applicable that a finding of fact made by a trial court will not be reversed, unless manifestly erroneous, and we are unable to say that the finding in favor of plaintiff on this question of fact was manifestly wrong.

We believe, however, that the amount allowed for the injuries was substantially more than is warranted by the evidence, and exceeds what has been awarded in other cases. The cut on the forehead, while apparently of considerable size at the time, has almost entirely disappeared, and, while the doctors seem to agree that some traces of it will always remain, nevertheless it will cause such slight disfigurement as to be not in the least embarrassing in the future. The other bruises are of minor importance. We believe that $500 would constitute full compensation for the injuries.

The judgment appealed from is amended by reducing the amount thereof to $500 and, as thus amended, it is affirmed.

Amended and affirmed.

WESTERFIELD, J., absent, takes no part.