## DUGAS v. KENT et al.
### No. 14552.

Court of Appeal of Louisiana. Orleans.
April 24, 1933.

W. H. Talbot, of New Orleans, for appellant.

W. M. Simon, of New Orleans, for appellee.

WESTERFIELD, Judge.

Mrs. Dugas, alleging that she was a guest in an automobile driven by Septime J. Lasseigne, which was in collision with a car driven by Augustus Kent, on November 9, 1930, under circumstances which she alleges involved the responsibility of Kent for the physical injuries which she sustained, brings this suit against Kent and Hartford Accident & Indemnity Company, his insurance carrier, claiming $7,000, as damages for physical injuries. The damages are itemized as follows:

Laceration of the left hand, left
  middle finger and thumb of left
  hand, resulting in permanent
  scars and in the permanent loss
  of the use of said finger, thumb
  and hand...................... $4,000.00
Brush burns and general contusions
  of the body...................... 1,000.00
Pain and suffering, both physical
  and mental...................... 2,000.00

When the case was called for trial below, a case involving the same accident (Septime J. Lasseigne v. Augustus Kent et al., 142 So. 867) had just been decided by this court in an opinion holding the driver of the Kent car responsible for the accident. In view of this decision, defendants admitted liability, and evidence was adduced confined to the question of quantum.

The district court rendered judgment in favor of plaintiff for $450, and defendants have appealed. Plaintiff has answered the appeal asking that the award be increased to $1,500.

Mrs. Dugas testified in her own behalf, and stated that she had bruises and contusions over her entire body which was stiff and hurt her for a period of two weeks, that she was treated at her home in St. Martinville by Dr. Beyt for a period of one month, and that at the time of the trial, two years after the accident, she had no strength in her thumb and was compelled to employ a servant to assist in her household duties, whereas before the accident she needed no assistant, and did all her work, including washing and scrubbing floors.

Dr. Beyt did not testify, but Dr. George O. Battalora, who examined Mrs. Dugas just before the trial, testified that there was a scar on Mrs. Dugas' left thumb about one inch long and another scar about the size of a 10-cent piece on her left index finger; that there was an area of anesthesia or numbness "extending from the concavity of the scar at the base of the thumb to the level of the inter-phalangeal joint"; that Mrs. Dugas was unable to completely extend the thumb "at the first metacarpal phalangeal joint"; and that Mrs. Dugas also had a scar about the size of half-dollar piece, located on the internal "aspect of the upper third of the left arm."

Dr. J. K. Stone, who testified on behalf of defendant, stated that he examined Mrs. Dugas the day before the trial and found practically the same scars that Dr. Battalora discovered and also the anesthesia in the thumb, but did not agree with Dr. Battalora as to the loss or impairment of the function of the thumb or any of the fingers. He was of the opinion that, with the exception of the scars and anesthesia, Mrs. Dugas' hand and arm were functionally normal.

We are asked to reduce the award by about one-half on the ground that the scars are slight and not disfiguring and that the pain and suffering which Mrs. Dugas experienced as an incident to the accident were merely nominal, and to increase it fourfold because her injuries are said to have been far more serious than the trial judge realized. It seems to us, however, that we should not disturb the judgment and award, for we are not convinced that we could do more substantial justice in the premises.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.