## SPITALE et al. v. RELAN.
### No. 1378.

Court of Appeal of Louisiana.   First Circuit.
Oct. 3, 1934.

Ellis & Ellis, of Amite, for appellant.

Mat J. Allen, of Amite, for appellees.

LE BLANC, Judge.

On June 1, 1932, one of the plaintiffs herein, Sam Spitale, rented unto Frank Relan, the defendant, his 38-acre farm situated on Highway 51 between Amite and Independence in the parish of Tangipahoa for the period of one year, for the consideration of $490 payable on May 1, 1933. The contract was reduced to writing and signed by the parties as well as by Nic Cefalu, to whom the rent was to be paid as Spitale's agent.

On May 16, 1933, the amount of rent due under the contract not having been paid, Spitale and his agent, Cefalu, instituted this proceeding to recover the same and obtained at the same time an order of court for a writ of provisional seizure under which certain corn and hay, some farming implements, and one mule which had been removed from the property by Relan, were provisionally seized by the Sheriff.

For answer to the suit, Relan pleaded that previous to May 8, 1933, after the rent had become due, "he entered into a compromise agreement with plaintiffs, who agreed with him to accept Ten ($10.00) in full settlement of his entire claim" provided he would deliver possession of the property to them; and on May 8, 1933, he, through his brother-in-law,

Ben Cascio, paid the $10 to plaintiffs, and on the 15th day of May, 1933, he moved from said premises.

Defendant further contends that the seizure of his property was illegal and unwarranted and he seeks to recover damages therefor in the sum of $200; one of the items being $50 for the loss of the use of his mule and farming implements, another of $50 being for attorney's fees, and the third of $100 being for damages arising out of the cancellation of a lease he had entered into with one Joe Fomaggio.

The lower court rendered judgment in favor of the plaintiff for the full amount of the rent alleged to be due under the contract and maintained the provisional seizure of the defendant's property.

It is plain, from the averment in the defendant's answer, part of which we have quoted, that the defense to this action is a compromise agreement as fully set out therein. On the trial of the case, upon defendant's attempt to offer parol testimony in support of the compromise, plaintiff's counsel promptly objected thereto on the ground that the agreement of compromise, not having been reduced to writing, as required by article 3071 of the Revised Civil Code, could not be proved by parol testimony. The trial judge admitted the testimony offered subject to the objection, counsel for plaintiffs in the meantime reserving all of his rights thereunder.

The record contains no ruling by the trial judge on the objection, but inasmuch as he decided the case on the evidence, as stated in the judgment, it can be said that he, in effect, overruled it.

It can hardly be contended that the agreement set out in the defendant's answer was not a compromise. As a matter of fact, as is shown by our quotation from the averment, it is so styled by the defendant himself. Article 3071 R. C. C. clearly defines the terms "transaction or compromise" as "an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing." The article then specifically provides that "this contract must be reduced into writing."

In a certain sense, every compromise may be said to have for its purpose, at least the prevention of, if not the putting an end to, a lawsuit, for it is in a lawsuit that ultimately lies that "hope of gaining" which is "bal-

anced by the danger of losing." In the case of Antoine v. Smith, 40 La. Ann. 560, 4 So. 321, 325; the Supreme Court, in giving consideration to the article of the Civil Code which defines the term "compromise," set aside the ruling of the lower court which had declined to give effect to an agreement as such for the reason that it did not contain the phrase "for preventing or putting an end to a lawsuit," saying:

"In Calhoun v. Lane, 39 La. Ann. 596, 2 So. 219, we· gave effect to an instrument, as a compromise, which did not contain those formal words. We can see no good reason why their use should be deemed essential. Under our liberal system of practice, nothing is sacramental as a matter of form, unless expressly so declared by statute. The instrument does not contain the phrase, 'and which every one prefers to the hope of gaining, balanced by the danger of losing,' which would seem to be equally important.

"In our view, the only essential, as a matter of form, which the article quoted requires, is that 'the contract must be reduced to writing.'

"Without recapitulating the terms, provisions, and conditions of the instrument, we hold it to be a transaction or compromise in the sense of the Code, and was evidently intended for the purpose of preventing a lawsuit."

In Orr & Lindsley v. William Hamilton, 36 La. Ann. 790, the court held that a bill of exception to the ruling of the trial judge which admitted parol testimony to prove a compromise was well taken, and in Lasseigne v. Kent (La. App.) 142 So. 867, although it found "the facts with reference to the compromise are rather unusual," the court nevertheless expressed itself in agreement with the opinion of the trial judge that "since that contract of compromise was not reduced to writing, it cannot be availed of as a defense."

This appears to be sufficient authority for the district judge to have sustained the objection made by counsel for the plaintiffs to the introduction of parol testimony in support of the compromise agreement pleaded as a defense herein. There was error therefore in his not having sustained the objection. As the claim of the plaintiffs is not otherwise disputed, however, they are entitled to recover judgment as decreed in their favor.

For the reasons herein stated, it is ordered that the judgment appealed from be, and the same is hereby, affirmed, ·at the costs of the appellant.