### Shapley Owen v. Gersham Brown.

A party in answering interrogatories on facts and articles, is not permitted to state his conclusions of law on the facts.

Where a party interrogated on facts and articles fails to make a sufficient answer, the interrogatories will be taken for confessed.

APPEAL from the District Court of the Parish of Carroll, *Farrar*, J.

A. D. *Caldwell*, for plaintiff. *Louis Selby*, for defendant and appellant.

MERRICK, C. J. This case was before us last year and was remanded for a new trial, and among other things, in order that the defendants might procure the answers of the plaintiff to interrogatories on facts and articles. See 12 An. 172.

There are six interrogatories and answers, but it will be necessary to consider only the first interrogatory and answer. They are as follows, viz:

"1st. Did you receive for slave *Tom*, for which you obtained a verdict in this case, six hundred dollars in a compromise in full with the owners of steamers Niagara and Empress, or the owners of either of said steamers?"

Plaintiff answers: "I received six hundred dollars in full discharge against the steamboat Empress for carrying off my negro man *Tom*, as I believed they had carried him off; retaining to myself any claim I might have in case I could recover the said negro, at the same time retaining my right or claim against *Brown*, the defendant in the suit. I did not sell the negro to the owners of the boat."

The answers to the other interrogatories evidently have reference to the foregoing.

The defendant's counsel contend that the answer is insufficient and that the interrogatory must be taken as confessed.

Under the authority of the case of *Hoover* v. *Miller*, 6 An. 205, it appears to us that the objection to the answer is well taken. The Article 353 of the Code of Practice authorizes the party interrogated to state other *facts* closely linked to the fact on which he has been questioned. He is not permitted to state his conclusions of law on the facts, for that would be usurping the province of the court.

He must confine himself to a narration of facts and not the consequences or results of facts. For what might seem conclusive to the party, might appear very differently to the court.

The answer given instead of being satisfactory (as they usually are where facts only are stated), gives rise to other questions, as, " How did you retain your right to the negro? How did you retain your right against the defendant *Brown?* Were these reservations expressly made in the release which you executed, if in writing? If the affair were merely oral, what did you agree upon? And in what terms did you reserve your rights? Or if nothing was said, was the intention merely one in your own mind not communicated to the captain of the steamboat or mentioned in the release? " As these questions indicate, the plaintiff ought, by his answers, to have shown how and in what manner he reserved his rights.

The value of the interrogatories on facts and articles depends on excluding from them all matters of opinion; for, most suitors are persuaded of the justice of their causes, and would have but little hesitation in affirming that they are in the right, provided they could so easily dispose of the action.

Taking the interrogatory as confessed, the plaintiff is not entitled to a double satisfaction for the loss of his slave, and a settlement with, and an unconditional discharge of one of the *tort-feasors* has discharged the other.

As to the value of the services of the slaves *Brown* and *John* with which the defendant has been charged by the judgment of the District Court, we are of the opinion that the testimony is not sufficiently certain and cogent to maintain that portion of the decree.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendants; and that they recover costs in both courts.