15  583
45 1224

15  583
f125  677

WILLIAM IRWIN *v.* SCRIBNER et al.

Those who commit torts, or assist or encourage others in so doing, are bound *in solido* for the damages occasioned by the trespass.

The release of one of several debtors *in solido* in an obligation arising from a trespass, operates the extinguishment of the debt as to the remaining co-debtors, unless the creditor has expressly renewed his right against the other debtors *in solido.*

APPEAL from the District Court of the Parish of St. Landry, *Martel*, J. B. F. *Linton*, for plaintiff and appellant. *Swayze & Moore*, for defendant.

MERRICK, C. J. This action is brought against five defendants, to recover five thousand dollars damages for a trespass upon the person of the plaintiff, and injury to a slave.

IRWIN
v.
SCRIBNER.

Sometime after the case was at issue, the following agreement was entered into between the plaintiff and two of the defendants, by their attorneys, viz :

"*Irwin* v. *Scribner et al.*—No. 5951. In this case it is agreed that *John Webb* and *Theodore H. Scribner* are to pay each eighty dollars, their share of the costs accrued up to this date, and they are to pay this sum, whether there be judgment for or against defendant. And the plaintiff pledges himself, and hereby promises to exact no more than the aforesaid sum from said *Webb* and *Scribner*, under any circumstances; and should there be judgment against defendant for damages, plaintiff hereby remits all damages and additional costs which may be recovered against the said *Webb* and *Scribner*."

"It is not the intention of the parties to this agreement, to prejudice or favor the trial against the other defendants, but merely to fix the amount required of said *Webb* and *Scribner*, as all the defendants are supposed to be liable *in solido*."

The money was paid by these two defendants, and an entry was made on the minutes of the court, dismissing the suit as to them.

The case having come on for trial, as to the other defendants, before a jury, after the testimony had been adduced, the defendants' counsel moved the court to dismiss the suit, on the ground that the cause of action had been extinguished by the agreement. The case appears to have been contested in the lower court, as it has in this, on the question, what effect should be given to the agreement, without reference to the manner in which it has been presented.

The Act of 1844, p. 14, amended the English text of Article 2304 of the Civil Code. so as to make it correspond with the French text. Since that period, those who commit torts, or assist or encourage others in so doing, are bound *in solido* to make reparation to the person injured.

The discharge of one debtor *in solido*, in an obligation arising *ex contractu*, in general discharges all the co-obligors, for the reason that there is but one debt, although due by several; and hence, there can be but one satisfaction of the same. In this class of obligations, the Code has made an exception in the single case where the creditor, releasing one of his debtors, has expressly reserved his right against the other debtors *in solido*, and then he is obliged to credit the other co-debtors with the amount so remitted. C. C. 2199, 2157.

Under the civil law, the obligation of co-trespassers was *in solido*, and they were not allowed the benefit of division, nor any recourse against their co-obligors. Whether this difference between solidary obligations arising *ex contractu* and *ex delicto* exists under our law, it is not necessary now to inquire; for, conceding that the Article 2199 C. C. is applicable to this case, there has not been that express reservation of the right of the plaintiff against the other debtors *in solido* required by the Article.

The contract *fixes* the amount required by *Webb* and *Scribner*. The other debtors *in solido* could not have been bound for more, otherwise they were not bound *in solido*. And the proof shows, that the debt has been paid by two of the obligors. See 2 An. 136.

Judgment affirmed.