## No. 1112.

### ORR & LINDSLEY vs. WILLIAM HAMILTON.

Article 2203 of the Civil Code, which provides that "the remission or conventional discharge in favor of one of the co-debtors *in solido* discharges all the others," applies to obligations *ex delicto* as well as to contract obligations.

Parol testimony is inadmissible to prove a compromise, which must be reduced to writing.

But a judgment of a competent court of record predicated on a compromise and a resulting consent between the parties, is admissible in proof of a compromise.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*Talbot Stillman* for Plaintiff and Appellees.

*Boatner & Boatner* for Defendant and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J. In a suit on a promissory note of the sum of four hundred and twelve dollars, plaintiff sued on an attachment of defendant's

Orr & Lindsley vs. Hamilton.

property, consisting of goods, wares and merchandise, on the alleged ground of the debtor's intention to dispose of the same in fraud of his creditors.

On motion of the defendant, the writ of attachment was dissolved as having been wrongfully obtained. That judgment having been affirmed by the Court of Appeal, is now final.

In his answer the defendant pleaded in reconvention damages in the sum of five thousand five hundred dollars, alleged to have been caused by the illegal attachment of his property, and he has taken this appeal from the verdict of a jury allowing him only one hundred dollars as damages, which he finds insufficient. Plaintiffs pray for an amendment of the judgment rejecting entirely the claim for damages.

To the demand in reconvention, plaintiffs first pleaded a peremptory exception urging in substance that simultaneously with their attachment several similar proceedings had been instituted by other creditors of the defendant, whose property was seized under these several writs, in consequence of which all the attaching creditors became responsible *in solido* for all damages suffered by the defendant. They then aver that by subsequently entering into a compromise with several of the seizing creditors, and granting them a conventional discharge, the defendant had lost all recourse on any of the other co-debtors as alleged tort-feasers. Their exception was overruled; but it was well taken and it should have prevailed.

Defendant contends that the provisions of article 2203, Civil Code which declare that the remission or conventional discharge in favor of one of the co-debtors *in solido* discharges all the others, does not apply to obligations arising *ex delicto*, but only to contract obligations.

The plain and unambiguous language of the Code does not warrant the distinction invoked, which is practically a distinction without a difference. Each wrong-doer is responsible for the full amount of the damages suffered; and any amount paid by one of them on the score of damages in discharge of the legal obligation resulting from the tortious acts of several wrong-doers, must operate the discharge of all of them, unless the party injured has expressly reserved his right against the latter.

Such is the construction placed on the article by this Court in the case of Owen vs. Brown, 13 Ann. 201. That was an action for damages for an alleged wrong, and the defense was the discharge of the defendant by reason of a compromise between plaintiff and one of the alleged wrong-doers. The defense prevailed, the court holding that " a

settlement with, and an unconditional discharge of, one of the tort-feasers has discharged the other."

The next contention of the defendant is, that parol testimony was inadmissible to prove a compromise, and his bill of exception to the judge's ruling on that point was well taken.

But discarding all such evidence, we find in the record judgments rendered in the several cases, which furnish ample and the highest kind of evidence of the compromise entered into between the defendant and several of his wrong-doers.

These judgments recite in substance that the parties have compromised their respective claims, and by reason of their consent the creditors recover judgment on their demands, and the defendant recovers a stated amount on his reconventional demand for damages.

This Court must presume that the district judge had legal proof of the compromise which made the basis of his judgment; and besides, the admission of both parties in open court of the existence of a lawful compromise would estop them from denying that the contract had been reduced to writing as the law requires.

Defendant's last point, touching his alleged reservation of his rights against plaintiff is not supported by the record. The evidence on that point consists mainly of loose statements of his attorneys that they intended "to fight Orr & Lindsley," and of their own construction of the meaning and purport of the language used. Irwin vs. Scribner, 15 Ann, 583.

It is therefore ordered that the judgment of the lower court and verdict of the jury on the reconventional demand be set aside and annulled. It is now ordered that defendant's reconventional demand be rejected at his costs in both courts.

Judgment reversed.