No. 8863.
Orleans Appeal.

---

**HIBERNIA BANK AND TRUST CO. v. J. I. HEINEMAN CO., ET AL., Appellants.**

---

(March 30, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Mandate—Par. 57.
Authority to compromise or remit a claim must be special.
   (Civid Code, Art. 2997. Editor's note.)

2. Louisiana Digest—Transaction and Compromise—Par. 3.
A writing is an essential form for the validity of a compromise.
   (Civil Code, Art. 3071. Editor's note.)

Appeal from Civil District Court, Hon. Wynne Rogers, Judge.

This is a suit upon a promissory note of $500. There was judgment for plaintiff and the defendants have appealed.

Judgment affirmed.

McCloskey & Benedict, Michal M. Irwin, attorneys for plaintiff and appellee.

Jos. Rosenberg, attorneys for defendant and appellant.

CLAIBORNE, J. This is a suit upon a promissory note of $500.

The defense is that the plaintiffs agreed to accept fifty cents on the dollar as a "compromise" and in full settlement of their claim at a meeting of the creditors of defendants held April 15, 1922.

There was judgment for plaintiff and the defendants have appealed.

The defendants claim that at the several meetings of their creditors and notably at the one held April 15, 1922, plaintiff was represented by G. L. Woolley, its credit manager, and that he consented to the compromise.

A member of the defendant company and M. G. Adams, and V. L. Bernard testify to that effect on behalf of defendants. But their testimony is not categorical nor positive. Woolley swears that he had stated the Bank "would only accept provided everybody accepted". The evidence is that nine creditors had not accepted.

But whatever Woolley did or said, there are two reasons why he did not bind the bank:

1st. He swears that he was not authorized by the Bank to make any compromise or remission of its claim. C. C. 2997.

2nd. The compromise, as defendants call it, was not reduced to writing. C. C. 3071, Orr & Lindsley vs. Hamilton, 36 La. Ann. 790; Antoine vs. Smith, 40 La. Ann. 569, 4 South. 321.

The judgment is correct and it is therefore affirmed.