For the reasons assigned, the judgment appealed from is affirmed.

159 So. 327

**CONVERSE v. VICTOR & PREVOST, Inc., et al.**

No. 32589.

Oct. 29, 1934.

On Rehearing Feb. 4, 1935.

William C. McLeod, of New Orleans, for appellant.

James G. Schillin, of New Orleans, for appellees.

**LAND, Justice.**

Plaintiff, as holder and owner of a certain promissory note, has brought this suit to recover a balance of $4,501.95, alleged to be due and unpaid, with interest at the rate of 8 per cent. per annum from June 16, 1931, until paid, and 10 per cent. attorneys' fees.

The note is for $12,000, and was drawn March 18, 1929, by defendant, Victor & Prevost, Inc., to its own order and by it indorsed, is payable 90 days after date, and is also further indorsed by Eugene Canepa, Martial B. Casteix, Eraste Vidrine, J. O. Weilbacher, H. J. Prevost, Joseph A. Bisso, and John Porte.

It is stipulated in the note that it shall bear 8 per cent. per annum interest from maturity until paid; that it shall be a solidary obligation; that the time of payment may be extended without notice to or further consent of any of them; and that, in event of nonpayment at maturity, 10 per cent. attorneys' fees shall be paid, if note is placed in the hands of an attorney for collection.

The defendant Victor & Prevost, Inc., and the indorsers have answered that the note herein sued on has been paid, except for the sum of $1,612.46, and that this amount was tendered to plaintiff on December 30, 1931.

Judgment was rendered in the lower court in favor of plaintiff and against the defendant Victor & Prevost, Inc., and against the indorsers, individually and in solido in the sum of $2,649.54, with interest at the rate of 8 per cent. per annum from June 16, 1931, with 10 per cent. attorney's fees, and for all costs, subject to a credit of $1,612.46, with 8

per cent. interest from March 10, 1932, and 10 per cent. on the aggregate of the credit and interest.

From this judgment plaintiff has appealed.

The note was bought by plaintiff on the day of its execution, March 18, 1929, for $10,960. Plaintiff paid this amount by surrendering three past-due notes of Victor & Prevost, Inc., for the sums of $2,500, $2,000, and $700, together with a note of Harry J. Prevost for $405, and by giving a check for $5,355. This check was drawn to the order of Victor & Prevost, Inc., and was deposited to the credit of the corporation.

At maturity, June 15, 1929, a check for $1,330 was given to plaintiff; $1,000 of this amount was credited by plaintiff on the note, and the remaining $330 was paid him to carry the note another month.

On July 15, 1929, $175 of the $500 paid was credited on the note, and $325 was for another postponement.

On August 17, September 17, October 15, November 15, and December 14, 1929, plaintiff was given checks on each of those dates for the sum of $324.75. The five payments of $324.75 each were paid for monthly extensions.

After January 1, 1930, a number of payments was made to plaintiff, some of which were to be credited on the note and some to be for extensions.

Defendants contend that the payments for extensions of the note were made at a usurious rate of interest at 3 per cent. per month, and that Harry J. Prevost, the representative of defendant company, and who represented

it in discounting the note, and in making all the payments made on same, was not authorized to consent to the payment of this usurious rate, as the note stipulated the payment of 8 per cent. from maturity.

But, when suit was brought for the balance, February 2, 1932, all sums paid after January 1, 1930, 2 years prior to suit, were attributed to the note, and according to an account made by a certified public accountant, the balance on June 16, 1931, date of last payment, was $4,501.95.

As the payments of the usurious rate of interest were made 2 years prior to suit, defendant cannot recover same, or be permitted to impute any part of these payments to the principal of the note. Rev. Civ. Code, art. 2924.

Mr. Converse testified that, when he insisted upon payment of the note, Mr. Harry J. Prevost, the representative of defendant company, proposed paying 3 per cent. per month to extend the time of payment.

The note had been reduced by two payments, one of $1,000 on June 15, 1929, and another of $175 on July 15, 1929. This would leave a balance of $10,825, and 3 per cent. on this would be $324.75, the exact amount for which checks were given on five successive months by defendant Victor & Prevost, Inc.

The officers and directors of that company could not have been in ignorance of what was being done by their representative, Harry J. Prevost. They certainly were aware that they had given a note for $12,000, that it had not been paid at maturity, and that their representative was in some way staving off suit by payment of $324.75 per month.

Mr. Weber, an employee of Victor & Prevost, Inc., and a witness put upon the stand by defendants, testified that Harry J. Prevost attended to all their financial dealings with outsiders, and also that they had repeated dealings with plaintiff.

Plaintiff held three past-due notes of Victor & Prevost, Inc., when he purchased the note of $12,000.

He testified that, in a period covering several years, Harry J. Prevost was the only representative of Victor & Prevost, Inc., with whom plaintiff dealt.

No testimony was heard as to Harry J. Prevost's authority or lack of authority.

Be that as it may, the ultimate fact, however, remains that the officers and directors were aware that Harry J. Prevost had agreed to pay usurious interest, and they ratified his acts in so doing by signing repeatedly checks for the exact amount of that interest. It is not possible that a payment of $324.75 should have been made on the principal of the note in this case for five successive times.

Also it is clear that the action of Harry J. Prevost in discounting the note was ratified by the directors and officers of defendant company. He was undoubtedly intrusted with the $12,000 note for negotiation. When he returned with four canceled notes, one of them his own, and plaintiff's check for $5,-355, defendant company took the check, without objection, and deposited it in the bank, and thereby ratified the action of its agent.

"The authority of the subordinate agents of a corporation often depends upon the course of dealing which the company or its directors have sanctioned. It may be established without reference to the official record of the proceedings of the board, by proof of the usages which the company has permitted to grow up in its business, and of the acquiescence of the board charged with the duty of supervising and controlling the company's business." Morawetz on Private Corporations, vol. 1, §§ 509, 538, cited in Berlin v. P. L. Cusachs, 114 La. 747, 38 So. 539.

However, there is not a word of testimony in the record to show that any of the indorsers sued on the note gave, at any time, any authority to Harry J. Prevost to pay a usurious rate of interest for monthly extensions of the note. Nor have these indorsers appealed from the judgment rendered against them in the lower court, and, as to them, the judgment must remain unchanged.

It is therefore ordered that the judgment appealed from be amended by increasing the principal amount of same, as against the defendant, Victor & Prevost, Inc., to $4,501.95, with interest at the rate of 8 per cent. per annum from June 16, 1931, until paid, and 10 per cent. attorneys' fees on the amount of principal and interest, and that the judgment, as amended, be affirmed. The cost of appeal is to be paid by Victor & Prevost, Inc.

### On Rehearing.

HIGGINS, Justice.

The question presented on the rehearing in this case is whether or not Harry J. Prevost and Eugene Canepa, as indorsers of the note sued upon, had knowledge of and ratified the negotiations and transactions in connection with the note that resulted in the difference between $2,649.54 and $4,501.95.

This point was not stressed heretofore. In our original opinion, we stated that there was not sufficient "testimony in the record to show that any of the endorsers sued on the note gave, at any time, any authority to Harry J. Prevost to pay a usurious rate of interest for monthly extensions of the note." On a re-examination of the record, it appears that Harry J. Prevost carried on the negotiations for the monthly extensions of the note and that Eugene Canepa, as president of Victor & Prevost, Inc., signed and delivered the checks in payment of the usurious interest. They were fully apprised of all of the details of the matter, and as indorsers consented to the extensions and rate of interest charged. They are therefore liable. But the other indorsers, who did not authorize or even have knowledge of the extensions and rate of interest charged, are not liable.

Due to the fact that the indorsers failed to appeal from the judgment of the trial court in the sum of $2649.54, we are powerless to change the judgment as to those indorsers who did not have knowledge of the extensions, but, as to the increase in the amount which we allowed in the original judgment, we conclude that the plaintiff is not entitled to an in solido judgment against the indorsers, except Harry J. Prevost and Eugene Canepa, because those two indorsers consented to the extensions.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be amended by increasing the principal amount from the sum of $2,649.54 to the sum of $4,501.95, against the defendants, Victor & Prevost, Inc., Harry J. Prevost, and Eugene Canepa, in solido, with interest at the rate of 8 per cent. per annum

from June 16, 1931, until paid, and 10 per cent. attorneys' fees on the amount of principal and interest, and that the judgment, as amended, be affirmed; the cost of the appeal to be paid by Victor & Prevost, Inc., Harry J. Prevost, and Eugene Canepa.