189 So. 286

**REID v. LOWDEN et al.**

No. 35231.

May 1, 1939.

Dubuisson & Dubuisson, of Opelousas, for plaintiff.

Barksdale, Warren & Barksdale, of Ruston, for defendants.

PONDER, Justice.

The plaintiff seeks to recover from the Chicago, Rock Island and Pacific Railway Company, in bankruptcy, the sum of $42,900 as damages for injuries he received on November 1, 1935 while operating a motorcar as a section foreman of the railroad company. It appears from the plaintiff's petition that about one and a half miles

above Reddell, Louisiana the tracks of the defendant company are crossed by a concrete paved highway. At the time the plaintiff received the injuries complained of he was operating a motor-car over the defendant's track. When the plaintiff reached the point where the highway crossed the defendant's track he was run into and struck by an automobile truck owned by the Gulf Refining Company which was crossing the railway track on the highway at a high rate of speed. The plaintiff alleges that the defendant company did not have a proper "stop" sign at the crossing to warn the traffic on the highway of the presence of the railway crossing. It appears from the petition that the road master, defendant's agent, was informed that there was no "stop" sign at this crossing some two months prior to the accident. At the time of the accident it appears that there was no such sign at the crossing. The lower court sustained a plea in bar interposed by the defendant and the plaintiff appealed to the Court of Appeal for the First Circuit. The Court of Appeal affirmed the judgment of the lower court sustaining the defendant's plea in bar. This case comes to us on writ of review and certiorari.

An examination of the record shows that on the trial of the plea in bar the following instrument was introduced and filed in evidence:

"Receipt and Release in Full and Final Compromise Settlement

"Received of Gulf Refining Company of Louisiana, the sum of Three Thousand Two Hundred & No/100 Dollars ($3200.-00) in hand to me this day paid, receipt of which is hereby acknowledged. In consideration of the sum so paid I have this day forever released and discharged Gulf Refining Company of Louisiana, its contractors, employees, representatives and assigns, hereinafter called the Company, of and from any and all claims for damages of whatsoever character which I have or may have had or which I may have as a result of personal injuries sustained by me on or about November 1st, 1935 at or near what is commonly called Y crossing about one mile north of Reddell, Louisiana, when a motor car on which I was riding figured in a collision with a Ford truck said to be property of the said Company.

"I fully understand that the Company expressly denies liability in the premises. I contend that the Company is liable to me in damages as a result of the aforesaid collision.

"I understand this to be a full and final compromise settlement and I am accepting the money herein paid knowing that I will be effectually barred from making further claim or claims against the said Company as a result of the injuries sustained by me whether the same are manifest at this time or not.

"I have read this instrument and understand it to be a full and final release in compromise settlement, and have signed it on this, the 22nd. day of January, 1936.

"(Signed) W. H. Reid

"Witness:
"(Signed) R. E. King
"(Signed) J. P. Reid."

It is contended by the plaintiff that the Court of Appeal erred in holding that the release of one who is claimed to be a tort-feasor without a reservation against another who is claimed to be a co-tort-feasor releases the latter prior to a judgment of court condemning the two as solidary tort-feasor-obligors.

Article 2324, R.C.C., reads: "He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."

It is well settled that joint tort-feasors are solidarily liable for damages resulting from their concurrent negligence or wrong doing. Owen v. Brown, 13 La. Ann. 201; Irwin v. Scribner, 15 La.Ann. 583, 584; Orr & Lindsley v. Hamilton, 36 La.Ann. 790; Rathborne Lumber Co. v. Cooper et al., 164 La. 502, 114 So. 112; Gardiner v. Erskine et al., 170 La. 212, 127 So. 604; Quatray v. Wicker et ·al., 178 La. 289, 151 So. 208.

Article 2203, R.C.C., provides:

"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.

"In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission."

Article 2203 applies to obligations ex delicto as well as to obligations ex contractu. Owen v. Brown, supra; Irwin v. Scribner, supra; Orr & Lindsley v. Hamilton, supra.

The cases of Irwin v. Scribner, supra, and Orr & Lindsley v. Hamilton, supra, answer plaintiff's contention. In both of those cases the release or discharge was granted prior to judgment and it was held that the other joint tort-feasors were discharged. The underlying principle being that there is but one debt and hence there can be but one satisfaction of it.

It is stated in Orr & Lindsley v. Hamilton, supra:

"The plain and unambiguous language of the Code does not warrant the distinction invoked, which is practically a distinction without a difference. Each wrong-doer is responsible for the full amount of the damages suffered; and any amount paid by one of them on the score of damages in discharge of the legal obligation resulting from the tortious acts of several wrong-doers, must operate the discharge of all of them, unless the party injured has expressly reserved his right against the latter.

"Such is the construction placed on the article by this Court in the case of Owen v. Brown, 13 La.Ann. 201. That was an action for damages for an alleged wrong, and the defense was the discharge of the defendant by reason of a compromise between plaintiff and one of the alleged wrong-doers. The defense prevailed, the court holding that 'a settlement with, and

an unconditional discharge of, one of the tort-feasors has discharged the other.' "

In discussing Article 2203, R.C.C., this Court in the case of Fridge v. Caruthers, 156 La. 746, 752, 101 So. 128, 130, stated:

"This article of our Code is a literal translation of article 1285 of the French Code. The French commentators are unanimous in holding that the article means just what it says: From the fact that the creditor renounces his right as to one (of the solidary debtors) the law concludes that he intends to renounce his right as to all. Each of the solidary obligors is liable for the whole debt as principal debtor to the creditors and is only liable as surety to his codebtors, and that is why the creditor may not discharge one without discharging the others. Planiol 'Traite de Droit Civil,' vol. 2, No. 749; Huc 'Commentaire du Code Civil,' vol. 8, No. 138; Aubry et Rau 'Droit Civil Francais,' vol. 4, p. 205; Laurent 'Principes de Droit Civil,' vol. 17, No. 340."

We have examined the decisions of this Court cited by the plaintiff and find that there is no holding therein to the contrary.

The cases of Quatray v. Wicker, 178 La. 289, 151 So. 208, and Aetna Life Insurance Co. v. De Jean, 185 La. 1074, 171 So. 450, cited by the plaintiff, were cases involving contribution. The contention urged herein was not involved in those cases.

The plaintiff contends that the Court of Appeal erred in holding that the reservation must be in writing and incorporated in the release itself and erred in holding that parol evidence was not admissible to prove a sufficient reservation.

The plaintiff entered into a compromise settlement granting one of the joint tort-feasors a discharge, all of which was reduced to writing. There is nothing in the written compromise settlement and release to show that the plaintiff intended to reserve his rights against the other tort-feasor. There is no beginning of proof. There is no ambiguity. Moreover, since the plaintiff availed himself of the provisions of Article 3071, R.C.C., he would be governed by the provisions of that article.

The plaintiff cites Williams et al. v. De Soto Bank & Trust Co., 189 La. 245, 179 So. 303, to the effect that there is nothing sacramental about the form in which the reservation is made.

In the instant case the parties reduced their agreement of settlement and discharge to writing and there is no reservation made therein. The plaintiff is bound by his agreement and cannot alter or change it by parol evidence.

For the reasons assigned the writ of review is recalled and the judgment of the Court of Appeal is affirmed.