**22 So.2d 737**

## CONVERSE v. VICTOR & PREVOST, Inc., et al.

### No. 37658.

April 30, 1945.

Rehearing Denied June 5, 1945.

———◆———

Nicholas G. Carbajal and Arthur Landry, both of New Orleans, for plaintiff-appellant.

F. Rivers Richardson, of New Orleans, for defendant-appellee.

PONDER, Justice.

The plaintiff, Nicholas J. Long, has appealed from a judgment of the lower court refusing to revive a judgment against the defendant, Victor & Prevost, Inc., and dismissing his suit.

A judgment was rendered in the Civil District Court for the Parish of Orleans on July 7, 1933 and signed on July 13, 1933 in favor of Harry H. Converse and

against Victor & Prevost, Inc., Eugene Canepa, Martial B. Casteix, Eraste Vidrine, J. O. Weilbacher, H. J. Prevost, Joseph A. Bisso, and John Porte, jointly and severally and in solido in the sum of $2,649.54 with interest at the rate of 8 per cent per annum from June 16, 1931, with 10 per cent attorney's fees, and for all costs, subject to a credit of $1,612.46, with 8 per cent interest from March 10, 1932, and 10 per cent on the aggregate of the credit and interest. On appeal, the judgment was amended, on October 29, 1934, by this Court insofar as Victor & Prevost, Inc. was concerned by increasing its amount to $4,501.95 with interest at the rate of 8 per cent per annum from June 16, 1931 until paid, and 10 per cent attorneys' fees on the amount of principal and interest. The judgment of the lower court was not disturbed insofar as the other obligors were concerned. On rehearing, this Court, on February 4, 1935, further amended the judgment by adjudging Victor & Prevost, Inc., Harry J. Prevost and Eugene Canepa liable in solido for the increased amount. Converse v. Victor & Prevost, Inc., 181 La. 214, 159 So. 327.

Harry Holden Converse died on November 28, 1941, and his brother, William W. Converse, was recognized as his sole heir and universal legatee and placed in possession of his estate, including the judgment.

On February 5, 1943, William W. Converse assigned his rights in the judgment of the lower court to Nicholas J. Long for a consideration of $100. Upon presentation of the assignment and the opinion

and decree of the Supreme Court, amending and increasing the judgment, the lower court recognized the assignment and gave judgment decreeing Nicholas J. Long to be the owner of the judgment as amended.

On July 15, 1943, a rule was issued at the instance of Eugene Canepa against Nicholas J. Long to show cause why the judgment recorded in the mortgage records should not be cancelled insofar as Eugene Canepa was concerned on the ground that ten years had elapsed since its rendition without its being revived.

On October 7, 1943, Victor & Prevost, Inc., through its president, Eugene Canepa, answered the suit to revive the judgment. The answer is predicated on the ground that the plaintiff, having sought to revive the judgment only against the corporation, had relieved the remaining in solido obligors from any liability under the judgment, and, in so doing, he discharged the corporation from any liability thereon.

On October 13, 1943, Eraste Vidrine sought by rule to have the judgment cancelled insofar as he was concerned. On October 22, 1943, the rules issued at the instance of Eugene Canepa and Eraste Vidrine were made absolute, and the judgment was ordered cancelled from the mortgage records insofar as they were concerned.

On trial of the suit to revive the judgment, the lower court gave judgment on July 10, 1944 which was signed in open court on July 13, 1944, rejecting the plaintiff's demands and dismissing his suit. The plaintiff has appealed.

The trial judge handed down no written reasons for judgment, but we assume, from the issues raised and the arguments of counsel, that the judgment was predicated on the interpretation of Article 2203 of the Revised Civil Code which reads as follows:

"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.

"In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission."

In construing Article 2203 of the Revised Civil Code, this Court stated in the case of Hall v. Allen Mfg. Co., 133 La. 1079, 63 So. 591, 592: "The above article is placed in the section entitled: 'Of the Remission of the Debt,' and it appears that the words 'remission' and 'conventional discharge,' found in the article, are used as synonyms. A 'remission,' in the civil law, 'is a release of a debt'; and 'it is conventional when it is expressly granted to the debtor by a creditor having a capacity to alienate.' Bouvier."

Article 2199 of the Revised Civil Code provides as follows:

"The remission of the debt is either conventional, when it is expressly granted to the debtor by a creditor either having (creditor having) a capacity to alienate;

"Or tacit, when the creditor voluntarily surrenders to his debtor the original title

under private signature which establishes the obligation."

It is provided in Article 2097 of the Revised Civil Code: "A suit brought against one of the debtors in solido interrupts prescription with regard to all."

An examination of the above-quoted articles of the Revised Civil Code shows that they are placed in the sections of the Code dealing with conventional obligations.

Under Article 3547 of the Revised Civil Code, judgments prescribe in ten years unless revived. This article deals with judgments, an entirely different subject matter than that treated in Articles 2097, 2199, and 2203 of the Revised Civil Code.

Insofar as the debt that is evidenced by a judgment is concerned, the mere fact that the judgment has prescribed does not necessarily mean that the debt evidenced therein has prescribed. The distinction between the revival of a judgment and the interruption of prescription of the debt evidenced by the judgment has been recognized repeatedly by this Court. This question was gone into at length in the case of Bailey (Chicago Lumber & Coal Co., Assignee) v. Louisiana & N. W. R. Co. et al., 159 La. 576, 105 So. 626. The reasoning therein is clearly applicable to the distinction between the revival of a judgment and the remission of the debt.

Articles 2199 and 2203 of the Revised Civil Code have been considered by this Court in a number of cases, and it is well recognized that the underlying principle is that there is but one debt, and hence there can be but one satisfaction

of it. Reid v. Lowden, 192 La. 811, 189 So. 286, and authorities cited therein. In other words, the debt is what is contemplated in these articles and not the judgment that evidences the debt.

Moreover, even if the articles of the Code dealing with remission of debt were apposite, which we do not believe, there has been no conventional nor tacit discharge of either the debt or any of the judgment debtors involved herein.

The mere failure to revive the judgment as against the other judgment debtors could not be construed as a conventional or tacit discharge of such judgment debtors. Furthermore, if these Codal articles were construed to be applicable to judgment debtors, the defendant could be afforded no relief. The defendant relies on the failure to revive the judgment against the other judgment debtors as a remission of the debt. The defendant loses sight of the fact that the very instrument on which he relies as a discharge of the other judgment debtors seeks to revive the judgment against it. This, in our opinion, under the jurisprudence of this State would operate as an express reservation by the plaintiff of his rights against the defendant.

"In construing article 2203, Revised Civil Code, in the case of Cusimano v. Ferrara, 170 La. 1044, 129 So. 630, and in the case of Landry v. New Orleans Public Service, Inc., et al., 177 La. 105, 147 So. 698, this court held that there is nothing sacramental about the form in which the reservation against a solidary obligor shall be made and that one is not presumed to waive his rights against the other in solido obligors, unless it clearly appears that he intended to do so." Williams v. De Soto Bank, 189 La. 245, 179 So. 303, 305.

In the first place, we do not believe that the articles of the Civil Code dealing with remission of debt are applicable to a judgment, and, in the second place, if they were applicable, there has been no conventional or tacit discharge of any one of the judgment debtors as contemplated by those Codal articles.

This Court in the case of George Hammett v. Wm. Sprowl, 31 La.Ann. 325, made the following statement, which we think is pertinent:

"Where a party has judgment either in solido or jointly against several persons, we know no rule of law that compels him to revive it against all. In the absence of such rule of law, we see no reason to enforce it as a rule of reason or equity. Why compel a judgment creditor to incur the delay, vexation and expense of citing insolvent and irresponsible parties, from whom he can never hope to obtain payment? Why require him to do this, any more than require him to sue all the makers of a solidary or joint obligation?"

For the reasons assigned, the judgment of the lower court is reversed and set aside. The plaintiff's suit is reinstated, and it is now ordered, adjudged, and decreed that there be judgment in favor of Nicholas J. Long and against Victor & Prevost, Inc., reviving the judgment rendered on July 7, 1933 and signed on July 13, 1933 in the proceedings entitled "Harry

H. Converse v. Victor & Prevost et al.," being No. 195,641 of the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, in favor of Harry H. Converse and against Victor & Prevost, Inc., Eugene Canepa, Martial B. Casteix, Eraste Vidrine, J. O. Weilbacher, H. J. Prevost, Joseph A. Bisso, and John Porte, jointly and severally and in solido, in the amount of $2,649.54, with interest thereon at the rate of 8 per cent per annum from March 10, 1932 until paid, together with court costs and 10 per cent attorney's fees, subject to a credit of $1,612.46 with 8 per cent interest from March 10, 1932 and 10 per cent attorney's fees, as amended by this Court on appeal by increasing the principal amount from the sum of $2,649.54 to the sum of $4,501.93, against the defendants, Victor & Prevost, Inc., Harry J. Prevost, and Eugene Canepa, in solido, with interest at the rate of 8 per cent per annum from June 16, 1931, until paid, and 10 per cent attorneys' fees on the amount of principal and interest, on February 4, 1935, reported in Converse v. Victor & Prevost, Inc., 181 La. 214, 159 So. 327. All costs to be paid by the defendant.

O'Niell, C. J., is of the opinion that the creditor, by keeping the judgment in force against only one of the debtors, Victor & Prevost, Inc., and thus depriving that debtor of its right to become subrogated to the judgment against the co-debtors in solido, has reduced the liability of the debtor against whom the judgment is kept in force, to that debtor's share of the total indebtedness.

On Rehearing.

PER CURIAM.

Counsel for the defendant suggests in his application for rehearing that the decree rendered herein revives the judgment against all of the original judgment debtors irrespective of the fact that some of the judgment debtors were not made parties to the proceedings.

Counsel has erroneously interpreted our decree. While we recited the original judgments in detail, the decree only revives the judgment insofar as the defendant Victor & Prevost, Inc. is concerned. In order that there be no misunderstanding of our decree, the judgment is revived solely and only as to the defendant Victor & Prevost, Inc. With this explanation of our decree, the application for rehearing is refused.