## MIZE v. HEALZER et al.

## BUTLER v. SAME.

### Nos. 4825, 4826.

District Court, W. D. Missouri, W. D.
Sept. 24, 1947.

Alfred H. Osborne, of Kansas City, Mo., for plaintiff.

Cowgill & Popham, of Kansas City, Mo., and Sam Mandel, of St. Louis, Mo., for defendant J. W. Healzer.

Langworthy, Matz & Linde, Clyde J. Linde and Robert B. Langworthy, all of Kansas City, Mo., for defendant Mona W. Hill.

W. Hugh McLaughlin and Lee E. Cisel, both of Kansas City, Mo., for defendant Theodore R. Querry.

REEVES, District Judge.

The codefendant, Mona W. Hill, being a non-resident of the State of Missouri, removed the above entitled actions to this court upon the ground that as to her there was a separable controversy. The question for decision therefore is whether upon the averments of the complaint there was in fact such a separable controversy in each complaint as to entitle said defendant to remove her cause from a state court.

Comprehensively stated, the two complaints allege that the defendant J. W. Healzer was operating a truck on Highway No. 69 in Clay County, Missouri; that the defendant Mona W. Hill was following him with her automobile in which the several plaintiffs were passengers, and that back of the said defendant Hill was Theodore R. Querry, also driving his automobile in the same direction; the truck driven by Healzer was stopped too quickly without notice; the automobile driven by the defendant Hill was running too fast, and the defendant Theodore R. Querry failed to take note, as he might, of the dilemma of the automobile immediately in front of him.

Upon these alleged facts the plaintiffs say: "all the defendants herein negligently and carelessly caused, permitted, and allowed said automobiles and truck to collide violently with the automobile in which plaintiff was riding causing him to be severely and permanently injured."

After detailing the specific acts of negligence claimed to have been committed by each of the defendants the plaintiffs make the following significant averments: "Plaintiff further states that as a direct and proximate result of the combined negligence of all defendants (she) was caused to sustain and suffer the following:"

1. It would be difficult to state a more perfect case of joint negligence than stated in these several complaints. It is true there is not a specific averment that the several acts of negligence concurred to bring about the collision, but the language of the complaints shows that such were the facts. Moreover, it is charged that the several alleged negligent acts of the defendants "combined" to bring about the collision.

In 7 Words and Phrases, Perm.Ed., p. 707, the word "Combined" is construed to mean "jointly," or, in reverse, as the definition reads, "ordinarily the word 'jointly' implies 'unitedly' ", " 'combined or joined together in unity of interest or liability.' " This definition was taken from the case of Soderberg v. Atlantic Lighterage Corporation, 15 F.2d 209. The opinion was written by Judge Groner, now of the Court of Appeals for the District of Columbia, but then a district judge in the State of Virginia. He sustained the impleading of a third party in an action for damages. In doing so he defined the word "jointly" as it appears in Words and Phrases.

2. Counsel for the removing defendant has quite diligently collated the authorities on the question of a separable controversy. Among other cases cited by him is that of Trivette v. Chesapeake & O. R. Co., 212 F. 641. The case was decided by the Court of Appeals, 6th Circuit. In that case the complaint charged the railroad company with negligence in maintaining a dangerout approach, for the public, to its depot and platform where the decedent was killed. The negligence of the engineer consisted of negligence in the operation of the train. As epitomized in the syllabi: " * * * but the petition did not charge that the injury was caused by the joint or concurring operation of such negligent acts."

Under such circumstances it was held "that the negligence relating to the means of access to the railway station and platform presented a separable controversy which was removable by the railroad company to the federal courts." The court took occasion to say, 212 F. loc. cit. 643: "As to this ground of negligence, therefore, a separable controversy existed, which was removable to the federal court, unless the negligence in operating the train and the

negligence with respect to the depot and platform are sufficiently alleged to have concurred in producing the accident."

In the instant case it is quite clear that the separate and individual acts of the several defendants all "concurred in producing the accident."

Able counsel relies also upon the later case of Culp v. Baldwin, 87 F.2d 679, 680 decided in this, the eighth Circuit Court of Appeals. Judge Gardner, who wrote the opinion and supported it with a wealth of authorities, rhetorically stated the legal issue in the form of a question as follows: "Is a joint liability arising out of the concurrent negligence of the nonresident and resident defendants alleged? If so, there being no claim of fraudulent joinder, the motion to remand should have been granted."

Then the learned author proceeds to state: "On the other hand, if the nonresident defendants are charged with different and nonconcurrent negligence, a separable controversy is presented."

The court further stated: "There is no allegation of concurrent negligence, and it appears from the allegations of the complaint that the alleged negligence of the defendant railroad company did not concur with the negligence of either of the other defendants in causing plaintiff's intestate's injuries. Under these circumstances, the issue between the plaintiff and the trustee defendants presented a separable controversy."

In the Culp case the court pointedly said that the nonresident defendant was charged "with different and nonconcurrent negligence." It appeared that the railroad train had blocked a crossing and that, after waiting at the crossing, a truck driver backed his truck into a parallel street where his truck was negligently run into by the resident motorist. The truck driver was killed. The plaintiff not only failed to allege concurrent negligence but alleged an act of the railroad company only remotely connected with the collision and the killing of the truck driver. The crossing having been blocked, the truck driver backed his truck into a parallel street where he was run into and killed by a motorist. Clearly

the railroad company had nothing to do with the collision.

Other cases were collated and urged by counsel but the foregoing appear to be sufficient for the purpose of this decision. These opinions express the whole course and drift of authority and fully warrant the court in remanding the cases to the state court on the ground that no separable controversy was alleged by the complaints.