**LEJEUNE et ux. v. MIDWESTERN INS. CO. OF OKLAHOMA CITY, OKL.**

No. 3259.

United States District Court, W. D. Louisiana, Opelousas Division.

July 18, 1951.

J. Minos Simon, Lafayette, La., for plaintiffs.

Davidson & Meaux, J. J. Davidson, Lafayette, La., for defendant.

DAWKINS, Chief Judge.

Plaintiffs, on April 2, 1951, sued in tort the defendant as insurer of T. S. C. Motor Company for the death of their infant daughter alleged to have been caused by the negligence of the insured in a collision between an automobile driven by the insured and another vehicle driven by Miss Marguerite McCardell. Defendant, Midwestern Insurance Company (called Midwestern), on April 26, 1951, moved for summary judgment on the following grounds:

a) That defendant's insured and Miss McCardell were joint tort feasors;

b) That plaintiffs had settled with, and released from further liability Miss McCardell and her insurer by formal written release; and

c) That said release "does not contain a reservation of rights against any other parties who may also have contributed to the accident," as required by state law, which had the legal effect of also releasing the present defendant.

On June 2, 1951, plaintiffs filed an amended complaint, admitting that they had settled with Miss McCardell's insurer all claims for damages against her, growing out of the accident, under a policy whose maximum coverage was $5000; that said settlement "was signed with the intention, and under the belief, that plaintiffs were reserving all of their rights against any and all other parties responsible to them for the wrongful death of their daughter; it was the clear and unambiguous intention of the parties that said compromise should constitute a release only of the Globe Indemnity Company, and was intended as what is commonly referred to as a covenant not to sue." They further alleged that "if they signed" an instrument of different import, it was done "in error" because they did not "intend to release anyone but the Globe Indemnity Company," and that they believed "their rights against any and all parties were unaffected thereby * *."

Plaintiffs further alleged in the amendment that it was the intention both of themselves and Globe that said rights against others "were unaffected thereby * * *" and "if reservation was not expressly set were unaffected thereby * * *" forth, * * * it was erroneously omitted * * * and does not reflect the intentions of *the plaintiffs herein.*" (Emphasis by the writer.) The prayer simply reiterates the demand for judgment in the sum of $100,000.00.

Attached to defendant's motion for summary judgment was an affidavit of Edward A. Anderson that he was employed by General Adjustment Bureau as an adjuster, and as such investigated the accident in this case, which happened on April 6, 1950, on behalf of Globe, insurer as stated of Miss McCardell, and that in said capacity, "he entered into a compromise agreement" with plaintiffs "through their attorney," under the terms of which they were paid the sum of $4800 "in full compromise settlement and for a full release of all claims against Marguerite McCardell and Globe * *" by plaintiffs. Attached to said affidavit is a photographic copy of the release signed by both plaintiffs before their present attorney as a notary public. In that receipt and release, it was declared that plaintiffs "hereby release and discharge" Globe "from any and all claims, demands, actions or rights of action, of whatsoever kind or nature, either in law or in equity, which I (we) have or have asserted or could hereafter assert against him (it) arising from or by reason of injuries suffered, damage to or loss of property sustained by me (us) on or about the 8th day of April, 1950, in, through or as a consequence of automobile accident in front of Jimmie Brown's Service Station on Main St., or U. S. 90, Jeanerette, St. Mary Parish, Louisiana, which resulted in death of Marie Ann LeJeune."

As stated, the amended complaint was filed on June 2, 1951, and is supported alone

by the unsworn certificate of the attorney for plaintiffs. Nothing further was submitted by plaintiffs in defense of the motion for summary judgment. However, there is in the record a deposition by the said E. A. Anderson taken at the instance of plaintiffs, with opposing counsel represented and participating therein. This deposition was not attached to the amended complaint or otherwise offered in opposition to the motion for summary judgment.

These matters have been mentioned because of the nature of the case, but the issue before the court at this time is as to the allowance of the proposed amended complaint, the substance of whose allegations are recited above. It appears to be conceded by both sides that the two insurance companies stand in the place of their respective insureds and that the disposition of the proposed amendment will be binding on all parties at interest.

It is to be noted that plaintiffs rest their case upon the contention that by simply alleging the intentions and errors charged in the execution of the release, they would be entitled to offer proof thereof to enlarge and extend the written agreement with the other joint tort feasor so as to have included the reservation of their rights against the present defendant.

Article 2203 of the Louisiana Revised Civil Code provides:

"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.

"In the latter case, he cannot claim the debt without making a deduction of the part of him to whom he has made the remission."

Plaintiffs in support of their contention that Article 2276 of the same Code, prohibiting the use of parol evidence to affect or change the provisions of written contracts, does not apply to third persons not parties to such agreements, have cited cases, such as Henderson Iron Works & Supply Co. v. Jeffries, 159 La. 620, 105 So. 792. The cited case has no application to the situation here. In the first place, there the third party who sought to prove the correct disposition of the proceeds of a sale or real estate as against recitals of the document as having gone to the mortgagee instead of the mortgagor, was claiming a superior right on the property because of the discharge of the prior mortgage, and had not participated in the written contract between the others. Plaintiffs here were themselves parties to the agreement of compromise and settlement as to which the provisions of the state law referred to make it mandatory that the obligee in solidary obligations shall expressly reserve in writing his rights against other obligors when settling, compromising or releasing any one or more of those so bound.

Plaintiffs also cited other authorities, such as Akin v. Drummond, 2 La.Ann. 92, Telle v. Fish, 34 La.Ann. 1243, to the effect that even as between the parties parol evidence may be received in support of a charge of error or mistake. These cases involve proceedings for the correction of such errors and mistakes, or matters of fact, and like all similar jurisprudence were rulings upon contentions that there was either no meeting of the minds, in which cases the contract was set aside if proven, or claims that there were mistakes or errors of fact under which the contract as written did not represent the true agreement, and the courts were asked to reform them to conform to the truth. This cannot be done collaterally, as is sought here. Russ v. Union Oil Co., 113 La. 196, 36 So. 937, and cases cited therein. In the first place, to reform such an agreement, all of the participants must be parties to the suit, and Globe is not before this court. Secondly, the allegations of the proposed amended complaint are based largely upon the charge that *plaintiffs intended* to reserve their rights to sue other solidary obligors, but does not charge that the other party, Globe, so understood and intended. The pleadings and documents before this court show that plaintiffs' present attorney represented them in the compromise settlement, and there is no question of overreaching anyone who did not have the aid of counsel.

It is the view of this court that the proposed amendment does not disclose any additional matter which can be legally proven or explained to avoid the effect of the release which plaintiffs signed. To do so would not only modify and change the written release by parol, but would in effect supply by the same type of proof the reservation which is required to be in writing. It appears to be conceded that where two or more persons are responsible for the same tort, they are solidarily liable under the provisions of Article 2203 of the Louisiana Code, supra. See, also, Irwin v. Scribner, 15 La.Ann. 583; Orr & Lindsley v. Hamilton, 36 La.Ann. 790; Reid v. Lowden, 192 La. 811, 189 So. 286; Mize v. Healzer, D.C. 73 F.Supp. 298; Billups v. American Surety Co., D.C., 87 F.Supp. 894; Russo v. Aucoin, La.App., 7 So.2d 744; Banks v. Associated Indemnity Corp., 5 Cir., 161 F.2d 305.

(2) The effect of settlements such as the one involved here has been held to prevent a recovery against remaining tort feasors. Passera v. United States Guarantee Co., La.App., 187 So. 345.

The amended complaint will be disallowed.