JONES, Judge.
This is a companion case with that of Moak v. American Automobile Insurance Company et al., 127 So.2d 6.
The plaintiff herein, who is the husband of the plaintiff in the companion suit, seeks the recovery of damages for his personal injuries allegedly received in the accident wherein the car driven by him had a collision with the train of defendant railroad company. In addition, he seeks recovery for the medical expenses occasioned as a result of the personal injuries suffered by his wife.
To his petition the defendant railroad company filed an exception of no right of action alleging that the release of one co-tort-feasor, the liability insurance company, American Automobile Insurance Company, without reservation constituted a release of the cotort-feasor Illinois Central Railroad Company.
Since the American Automobile Insurance Company was the liability insurer of this plaintiff, then its liability is predicated on his negligence. Thus, even though plaintiff signed the release without reservation as against the insurance company, such release could have no effect for he had no claim for his personal injuries against the insurance company and, therefore, nothing to release.
In Reid v. Lowden, 192 La. 811, 189 So. 286, it was held that the release of one joint tort-feasor without reservation constituted a release of the other joint tort-feasor, the underlying principle being that- there was but one debt and, hence, there could be but one satisfaction of it. We are of the opinion that this rule of law is not applicable to this plaintiff’s suit for the reason that it is a separate and distinct cause of action from that of his wife, Mrs. Clemmie Moak, and the insurance company could not be a cotort-feasor with the railroad company as to his claim for personal injuries for the reason that he had no cause of action against the insurance company for said personal injuries,
The release signed by this plaintiff further shows that he released his claim for all loss and damage suffered as a result of injuries to his wife and this necessarily includes the medical expenses for which he is seeking recovery in Article 5 of his petition. Insofar as this claim is concerned, we are of the opinion that it cannot be recovered in the present suit for the reason that settlement of it was made in the release that was given by this plaintiff to the insurance company. While it might be argued that because plaintiff had the right to recover for his wife’s medical expenses the unrestricted release asserting liability on the part of the insurance company also served to release his own claim for personal injuries in view of the jurisprudence which holds that a release of a portion of one’s claim is a release of all claims, we do not believe that said result necessarily follows for reasons which we shall now proceed to set forth. The husband, of course, had a claim for the medical expenses for the injuries to the wife but this right was only incidental to his wife’s cause of action against the insurance company. His only right to appear in the suit of his wife against the insurance company was in a representative capacity as head and master of the community. Thus, since his claim was a component part of his wife’s suit against the insurance company, then the release by her of her claim without reservation and his release without reservation for the medical expenses preclude his recovery of said amount in his suit against the railroad company for, as has heretofore been held, the insurance company and the railroad company are joint tort-feasors in regard to the claim arising as a result of injuries to the wife.
*12 Accordingly, for the above and foregoing reasons, the exception of no right of action filed on behalf of defendant railroad company will be and the same is hereby overruled.
Judgment reversed.
HERGET, J., recused.